THE STATE OF OHIO, APPELLANT, *v.* CONYERS, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* SCHULTZ, APPELLEE.

[Cite as *State v. Conyers* (1999), 87 Ohio St.3d 246.]

(Nos. 98–1779 and 98–1929—Submitted September
14, 1999—Decided December 1, 1999.)

*Julia R. Bates,* Lucas County Prosecuting Attorney, and *Eric A. Baum,* Assistant Prosecuting Attorney, for appellant in case No. 98–1779.

*Jeffrey M. Gamso,* for appellee David Conyers in case No. 98–1779.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Phillip R. Cummings,* Assistant Prosecuting Attorney, for appellant in case No. 98–1929.

*Ravert J. Clark,* for appellee Charles E. Schultz in case No. 98–1929.

MOYER, C.J. The sole issue before this court is whether the appellees could, as a matter of law, be convicted under R.C. 2921.34(A)(1) for leaving a halfway house without permission. More specifically, we are asked to determine whether, during the time between October 4, 1996 and March 17, 1998, a parolee could be convicted pursuant to R.C. 2921.34(A)(1) for leaving a halfway house without

permission in view of the conflict as it then existed between R.C. 2921.01(E) and former 2967.15(C)(2). For the following reasons, we answer this question in the negative and affirm the decisions of the courts of appeals.

Before October 4, 1996, R.C. 2921.01(E) defined "detention" as "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution *other than release on parole* * * * ." (Emphasis *sic.*) 146 Ohio Laws, Part IV, 7335. Thus, parolees were not then considered in "detention" for purposes of the escape statute. The emphasized phrase was removed on October 4, 1996, so that when the appellees committed the acts in question, parolees were included in the class of persons subject to prosecution for escape. 146 Ohio Laws, Part II, 2214. A conflict then arose because the language of former R.C. 2967.15(C)(2), which, at the relevant times, provided that "[a] furloughee or releasee other than a person who is released on parole * * * is considered to be in custody * * * and * * * may be prosecuted for the offense of escape." 146 Ohio Laws Part IV, 7584. This temporary conflict was resolved as of March 17, 1998, when R.C. 2967.15(C)(2) was amended to remove the exception for parolees. See Am.Sub.S.B. No. 111. Our task is to determine the effect of the conflict as it existed between October 1996 and March 1998, during which time the appellees were convicted of escape for leaving their halfway houses without permission while still on parole.

It is a well-settled principle of statutory construction that when an irreconcilable conflict exists between two statutes that address the same subject matter, one general and the other special, the special provision prevails as an exception to the general statute. R.C. 1.51; see, also, *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities* (1994), 68 Ohio St.3d 426, 429–430, 627 N.E.2d 993, 996–997; *Abraham v. Natl. City Bank Corp.* (1990), 50 Ohio St.3d 175, 178, 553 N.E.2d 619, 621–622; *Acme Eng. Co. v. Jones* (1948), 150 Ohio St. 423, 38 O.O. 294, 83 N.E.2d 202, paragraph one of the syllabus.

R.C. 1.51 states that "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." The first inquiry, then, is whether the conflict between R.C. 2921.01(E) and former 2967.15(C)(2) is irreconcilable.

The state argues that the provisions at issue did not conflict because neither expressly prohibited an activity that the other allowed and, therefore, we do not need to resort to R.C. 1.51. In support of this argument, the appellant cites our decision in *Sutherland–Wagner v. Brook Park Civ. Serv. Comm.* (1987), 32 Ohio

St.3d 323, 512 N.E.2d 1170. *Sutherland–Wagner*, however, is distinguishable from the present action.

In *Sutherland–Wagner*, this court was asked to determine whether the inability to appeal a civil service employment suspension under R.C. 124.34 to the court of common pleas precluded an appeal to that court under the general administrative appeal provision in R.C. 2506.01. We concluded that resort to R.C. 1.51 was unnecessary because no conflict existed. *Id.* at 325, 512 N.E.2d at 1172. R.C. 124.34 merely denied appeals to the court of common pleas under that particular section. *Id.* The statute did not, however, limit appeals brought under other sections of the Revised Code. *Id.* Further, an express prohibition in one provision of an act that another provision allows is not necessary for a conflict to exist. It suffices that two provisions provide for inconsistent and irreconcilable results on a particular issue. When we examine R.C. 2921.01(E) and former 2967.15(C)(2), an irreconcilable conflict is evident.

R.C. 2921.34(A)(1) provides that no person under detention "shall purposely break or attempt to break the detention, or purposely fail to return to detention." The term "detention" is defined broadly to include, *inter alia*, arrest, confinement in a facility for custody of persons charged with or convicted of a crime, and supervision of a person *on any type of release from a state correctional facility.* R.C. 2921.01(E). Thus, R.C. 2921.01(E) considers parolees in "detention" for purposes of prosecution pursuant to R.C. 2921.34(A)(1).

Former R.C. 2967.15(C)(2), as it existed at the relevant times, however, provided that a "furloughee or a releasee *other than a person who is released on parole*" may be prosecuted for escape. (Emphasis added.) Former R.C. 2967.15(C)(2) did not expressly prohibit an activity authorized by the escape statute. The provisions at issue merely provide differing definitions of who is considered in "detention" or "custody" for purposes of prosecution under R.C. 2921.34(A)(1). Under former R.C. 2967.15(C)(2), parolees are excepted from the escape statute, whereas under R.C. 2921.01(E), parolees are included within the class of individuals subject to the escape statute. Reading these two provisions together results in an irreconcilable conflict.

After an irreconcilable conflict is determined to exist, the next inquiry is whether the provisions at issue are general or specific. See *State v. Chippendale* (1990), 52 Ohio St.3d 118, 120, 556 N.E.2d 1134, 1136. If one of the conflicting statutes is a general provision and the other is a special provision, then R.C. 1.51 applies and the special provision prevails. An examination of R.C. 2921.01(E) and former 2967.15(C)(2) reveals that there is a general/special distinction between the two statutes.

When engaging in statutory interpretation, courts will give the words in a statute their plain and ordinary meaning absent a contrary legislative intent.

*Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 152, 480 N.E.2d 412, 414; see, also, *Lake Cty. Natl. Bank of Painesville v. Kosydar* (1973), 36 Ohio St.2d 189, 191, 65 O.O.2d 404, 406, 305 N.E.2d 799, 801. The common meaning of "general" is that which is "universal, not particularized, as opposed to special." Black's Law Dictionary (6 Ed.1990) 682. R.C. 2921.34(A)(1) creates the offense of escape, and defines the crime broadly. In this sense, the escape statute is a general provision that provides punishment for knowingly breaking or attempting to break detention, and does not, by its own language, limit its application. R.C. 2921.01(E) is also a general provision that defines the term "detention" as it is used throughout R.C. Chapter 2921.

In contrast, former R.C. 2967.15(C)(2) expressly limited the scope of R.C. 2921.34(A)(1) by excluding parolees from the class of individuals who could be prosecuted for escape. Thus, former R.C. 2967.15(C)(2) created an exception to the escape statute and is properly considered a special provision.

The state argues that R.C. 1.51 will not apply where, as here, the conflicting statutes address the same conduct (*i.e.*, whether a parolee can be charged with escape). The appellant asserts that because former R.C. 2967.15(C)(2) contradicted the escape statute, it cannot be considered an exception and, therefore, was not a special provision. We do not agree.

In viewing former R.C. 2967.15(C)(2) as a contradiction rather than an exception, the state overlooks the nature of this provision. Former R.C. 2967.15(C)(2) was not designed to nullify the escape statute. Rather, it further defined who was and was not subject to prosecution under the escape statute. The General Assembly intended former R.C. 2967.15(C)(2) to limit application of R.C. 2921.34(A)(1). It did not intend to enact a statute that would render another code provision inoperative under all circumstances.

Having determined that R.C. 2921.34(A)(1) and 2921.01(E) are general provisions, and that former R.C. 2967.15(C)(2) was a special provision, the conflict is to be resolved using R.C. 1.51. Under R.C. 1.51, the special provision will prevail as an exception to the general provision, where there is an irreconcilable conflict, unless the general provision is the later adoption and there is a manifest intent that the general provision prevail. Accordingly, unless the General Assembly manifested its intent that R.C. 2921.01(E) prevail over former R.C. 2967.15(C)(2), the language in former R.C. 2967.15(C)(2) will prevail as an exception to the escape statute.

The October 4, 1996 amendment to R.C. 2921.01(E), removing the parolee-exception language from the definition of "detention," did not include an express desire for the amendment to prevail over all other code provisions. We must presume that the General Assembly is aware of previously enacted legislation. See *Henrich v. Hoffman* (1947), 148 Ohio St. 23, 27, 34 O.O. 473, 474–475, 72

N.E.2d 458, 460. If the General Assembly had wanted to remove the parolee exception in former R.C. 2967.15(C)(2) at the time it amended former R.C. 2921.01(E), it could have done so. The language of amended R.C. 2921.01(E) reveals no intent to remove the parolee exception from former R.C. 2967.15(C)(2).

The state argues that the March 17, 1998 amendment to R.C. 2967.15(C)(2), removing the parolee exception, indicates the manifest intent of the General Assembly with regard to the 1996 amendment to R.C. 2921.01(E). Essentially, the state urges us to read the General Assembly's current intent and apply it retroactively to reach the desired conclusion. In general, a "statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48; see, also, *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 398, 596 N.E.2d 432, 434; *Warren Cty. Bd. of Commrs. v. Lebanon* (1989), 43 Ohio St.3d 188, 189, 540 N.E.2d 242, 244. While it may now appear that the General Assembly intended to remove all parolee exceptions in 1996 and corrected its omission by amending R.C. 2967.15(C)(2) in 1998, hindsight—without an express statement of either retroactivity or intent—is not enough to override the application of former R.C. 2967.15(C)(2).

Based on all of the foregoing, we conclude that during the period of October 4, 1996 to March 17, 1998, the parolee-exclusion language contained in the special provision of former R.C. 2967.15(C)(2) prevailed as an exception to the general provision of R.C. 2921.34(A)(1). Accordingly, the judgments of the courts of appeals are affirmed.

*Judgments affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.