[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which denied a motion filed by appellant, James G. Shearer, to reduce his term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION THAT THE PERIOD OF TIME HE SERVED, PER R.C. 2929.23, CONFINED ON ELECTRONICALLY MONITORED HOUSE ARREST (EMHA) WHILE PROSECUTING HIS APPEAL UPON CONVICTION AND SENTENCING BE CREDITED TO A REDUCTION OF HIS TERM OF IMPRISONMENT."
The issue raised in this appeal is whether appellant is entitled to credit toward reduction of his sentence for time spent under electronically monitored house arrest ("EMHA") while he was released on recognizance bond during prosecution of an earlier appeal. Following his conviction and sentencing in March 1997, appellant filed a motion to suspend the execution of his sentence during the pendency of his appeal; he also filed a motion for release on bond. The trial court granted the motion and stayed the sentence; as a condition of bond, the trial court ordered that appellant "be accepted for and placed on electronic monitoring * * *."
In the earlier appeal, this court reversed the trial court's original sentence. State v. Shearer (Dec. 19, 1997), Wood App. No. WD-97-017, unreported. At a sentencing hearing on October 13, 1998, the trial court denied appellant's motion to reduce his term of imprisonment with a credit for the period of time he spent on EMHA while prosecuting his appeal. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that EMHA constitutes a form of detention compatible with the situation of prison confinement addressed in R.C. 2949.08 and R.C. 2967.191, the statutory sections dealing with reduction of terms of incarceration. Appellant cites this court's decisions in State v.Conyers (July 17, 1998), Lucas App. No. L-97-1327, unreported, affirmed (1999), 87 Ohio St.3d 246, and State v. Duke (Feb. 19, 1999), Fulton App. No. F-98-010, unreported, in support of his argument. This court finds no merit in this assignment of error.
Both Conyers and Duke were cases in which the issue on appeal was whether a participant in EMHA could be found guilty of escape in violation of R.C. 2921.34. The defendant in Conyers was released from prison on parole in April 1996. While on parole, he was charged and found guilty of escape when he violated the halfway house rules by leaving without permission. This court found that:
 "The recent amendment of R.C. 2967.15 shows that the legislature did not initially have a manifest intent that parolees who absconded from supervision could be charged with escape. The legislature has since decided to enact a special provision that does exhibit that intent, but at the time appellant was charged, tried, convicted and sentenced, the law in this state did not reflect any manifest intent that the general provisions found in R.C. 2921.34 and R.C. 2921.01 should prevail over the earlier enacted special provisions of R.C. 2967.15. Accordingly, appellant is correct when he contends that he could not be found guilty of escape as a matter of law."
The amendment[1] of R.C. 2967.15(C) (2) provides, in pertinent part:
 "A person who is under transitional control or who is under any form of authorized release under the supervision of the adult parole authority is considered to be in custody while under the transitional control or on release, and, if the person absconds from supervision, the person may be prosecuted for the offense of escape."
The defendant in Duke was on EMHA as part of his sentence at the Corrections Center of Northwest Ohio ("CCNO") following his conviction for domestic violence. He violated the requirements of EMHA, including leaving his parents' home where he had agreed to live during the term of his sentence. The defendant was charged with EMHA rule violations and was ultimately found guilty of escape. In Duke, this court found that the defendant could be found guilty of escape.
In these two cases, each defendant was on EMHA as part of his respective sentence. In the case sub judice, appellant's motion to stay the execution of his sentence had been granted by the trial court and appellant was not serving his sentence. Furthermore, in both Duke and Conyers, this court was concerned with the issue of escape from detention, not credit for EMHA. Appellant argues that in Duke this court ruled that the definition of detention encompasses persons who are confined at home with electronic monitoring following their conviction and sentencing for a crime. Appellant also argues that this court in Conyers
noted the changes in the provisions of R.C. 2921.01(E) regarding the definition of detention to include "* * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution." Appellant argues in conclusion that he should be allowed credit for time spent on EMHA pending appeal.
This court is not persuaded by appellant's arguments. This court finds compelling the logic of the analysis set forth by the Seventh Appellate District in Ex parte Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169, unreported. In discussing the merits of the issue underlying a writ of habeas corpus, the appellate court stated:
 "Assuming arguendo that this matter had been properly brought before this court, petitioner would still fail in his request for relief. In its judgment entry addressing the sentencing of petitioner, the trial court specifically called for the confinement of petitioner `in the Mahoning County Jail for a period of not less than one year'. Petitioner's period of electronic home monitoring clearly does not equate to confinement in the Mahoning County Jail. Additionally, it does not equate to `confinement' for purposes of affecting petitioner's sentence.
 "Firstly, reduction of an individual's sentence for periods of prior confinement is addressed by both R.C. 2949.08[2] and 2967.191[3]. The pertinent part of both statutes dictate that a sentence is to be reduced by the number of days of confinement which were a result of confinement in lieu of bail while awaiting trial, confinement for examination to determine competence and confinement while awaiting transportation to the place where the sentence is to be served. Such `confinements' which are to receive credit towards one's sentence all involve a situation of actual incarceration. No mention is made in these sections for crediting time while under electronic monitoring.
Viewing the current situation in the context of the examples of confinement cited in the statute makes it clear that petitioner's restrictions did not rise to the level anticipated by the legislature.
 "Secondly, in its entry dated May 30, 1997, the trial court clearly indicated its expectation that the period of electronic monitoring be a `bond condition' rather than being a portion of the original sentence. Placing conditions on bond is a power specifically granted to the trial court under Crim.R. 46. Under section (B) of Crim.R. 46, the trial court may place restrictions on an individual's travel, associations and place of abode. Additionally, authority is granted to place the individual on house arrest as a bond condition." (Emphasis added.)
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Mark L. Pietrykowski, J.
CONCUR.
 _______________________________ JUDGE
[1] The amendment to R.C. 2967.15 became effective March 17, 1998.
[2] R.C. 2949.08, Confinement of convicts; reduction of sentence for confinement prior to conviction, provides, in part:
 "(C) The jailer, administrator, or keeper in charge of a jail or workhouse shall reduce the sentence of a person delivered into his custody pursuant to division (A) of this section by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where he is to serve his sentence." (Emphasis added.)
[3] R.C. 2967.191, credit for confinement awaiting trial and commitment, provides:
 "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." (Emphasis added.)