OPINION
Defendant-appellant Jeanne E. Collins appeals her conviction and sentence from the Canton Municipal Court on one count of speeding, in violation of R.C. 4511.21. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 19, 1999, appellant was charged with speeding, in violation of R.C. 4511.21. An Ohio uniform traffic ticket was prepared by the Uniontown police officer and issued to appellant. On December 30, 1999, appellant appeared in the Canton Municipal Court before a Magistrate. The Magistrate informed appellant of the charge. When asked how she wished to plead to this offense, appellant responded "I would like to plead no contest, Your Honor, in order to challenge the process in the matter." Appellant then explained that she was asking the court to "take judicial notice of O.R.C. Section 2935.09, in that in order to commence an action that must be brought in the name of the State of Ohio and signed by a prosecutor. I believe, Your Honor, there is no complaint in my file signed by a prosecutor." The Magistrate overruled the motion and accepted the no contest plea. The Magistrate found appellant guilty and imposed a fine of $50.00 and costs and assessed two points to appellant's driver's license. In so doing, the court noted that this was appellant's third moving violation that year. A Judgment Entry reflecting the sentence of the court was filed on December 30, 1999. It is from her conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 CAN A POLICE OFFICER BRING A PLEADING IN THE NAME OF A THIRD PARTY, I.E. STATE OF OHIO, WHEN HE IS NOT LICENSED TO PRACTICE LAW AND WHEN HE IS NOT AUTHORIZED TO BRING A PLEADING IN THE NAME OF THE STATE OF OHIO.
 ASSIGNMENT OF ERROR II DOES A COURT HAVE SUBJECT MATTER JURISDICTION TO FORCE THE ACCUSED TO ENTER A PLEA, OR ENTER A PLEA FOR YOU, WHEN NO FORMAL PLEADING HAS BEEN ENTERED INTO A CASE BY A PROSECUTOR FOR THE STATE.
 ASSIGNMENT OF ERROR III CAN THE COURT FIND ON THE FACTS IN THE MATTER WHEN IT LACKS SUBJECT MATTER JURISDICTION.
 I
In the first assignment of error, appellant argues R.C.4705.01 is violated when a trial court allows an action to be commenced based solely on a traffic ticket signed by a police officer when the police officer is not licensed to practice law. Pursuant to R.C. 4705.01, only a licensed attorney or a party to an action may commence an action by subscribing his or her own name. R.C. 2935.17, effective November 1, 1977, states in part: "Provided, that the supreme court of Ohio, may, by rule, provide for the uniform type and language to be used in any * * * complaint to be filed in any court inferior to the court of common pleas for violations of the motor vehicle and traffic acts * * *, and may require that such forms and no other, shall be received in such courts, and issued to violators." (Emphasis added.) The Ohio Supreme Court implemented R.C. 2935.17 initially by promulgating the Ohio Rules of Practice and Procedure in Traffic Cases for All Courts Inferior To Common Pleas and later by issuing superseding Ohio Traffic Rules that were in effect at the time the instant case arose. The Ohio Traffic Rules are to be "construed and applied to secure the fair, impartial, speedy, and assured administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay." Traf. R. 1(B). If no procedure is specifically prescribed by the Ohio Traffic Rules, the Rules of Criminal Procedure and the applicable law apply. Traf. R. 20. The Traffic Rules state that a citation for a traffic violation shall be issued and signed by the law enforcement officer involved. Traf. R. 3. The Traffic Rules do not require that a party or an attorney or counselor at law sign the ticket which commences the action. We acknowledge that this may, at first blush, appear to be in conflict with R.C. 4705.01's requirement that actions or proceedings be commenced by a party or a person admitted to practice law. However, when a conflict exists between two statutes that address the same subject matter, one a general proposition, and the other special, the special provision prevails as an exception to the general statute. R.C. 1.51; State v. Conyers (1999), 87 Ohio St.3d 246, 719 N.E.2d 535. The Legislature gave the Supreme Court the responsibility to establish the procedure by which a traffic complaint shall be initiated. R.C. 2935.17. We find that statute, R.C. 2935.17 and the rules thereby promulgated by the Supreme Court, to be special, specific provisions. On the other hand, R.C. 4705.01 is a general proposition. The special provisions of the Traffic Rules supercede R.C. 4705.01. Therefore, the action may be commenced upon the signature of a police officer. This decision is in accord with our previous decision on this issue. In Village of Millersburg v. Poulson (Nov. 23, 1992), Holmes App. CA-457, unreported, 1992 WL 362572, we held that a traffic case, commenced by a police officer, was not commenced in violation of R.C. 4705.01: "Pursuant to Traffic Rule 3(E), the traffic ticket is required to be completed and signed by a law enforcement officer, served on the defendant, and filed with the court. Thus in a traffic case, there is no requirement that the prosecutor [or attorney] endorse the citation, or that an affidavit be filed.
Therefore, in accordance with R.C. 1.51 and Village of Millersburg, we find that an officer is not in violation of R.C.4705.01 when his citation is used as the formal complaint initiating an action in traffic court. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that she was required to enter a plea without seeing a formal complaint, information, or indictment in violation of Crim.R. 10. Appellant argues that the trial court had no jurisdiction "to force the accused to plea" when the complaint that was filed was a traffic ticket signed by a police officer and not a formal complaint "entered . . . by a prosecutor for the State." We disagree. As discussed above, R.C. 2935.17 gives the Supreme Court of Ohio the authority to provide by rule for the uniform type and language to be used in any affidavit or complaint filed in any court inferior to the Common Pleas Court for violations of motor vehicle and traffic laws. Pursuant to that authority, the Supreme Court adopted Traf. R. 3 which provides that the complaint and summons in traffic cases shall be the Ohio Uniform Traffic Ticket. The prosecutor is not required to sign the Ohio Uniform Traffic Ticket or present a formal complaint based on that ticket. The police officer issuing the ticket must fill in the ticket with information that he or she sets forth under the penalties of perjury and falsification to be true. As we found in Village of Millersburg, supra, the need for a formal complaint, information, or indictment, was disposed with. Therefore, since the Criminal Rules only apply when there is no procedure provided in the Traffic Rules and the Traffic Rules require only the use of the Ohio Uniform Traffic Ticket to initiate the action, the trial court did not error in requiring that she enter a plea without appellant seeing an indictment, information or complaint signed by a prosecutor. Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that the trial court erred in finding appellant guilty of speeding when the trial court did not have jurisdiction over the case. As a proper uniform traffic ticket was filed charging appellant with the offenses alleged, the Canton Municipal Court had jurisdiction. See State v. Maurer (Nov. 12, 1991), Stark App. CA-8577, unreported, 1991 WL 249451. Although not raised as an assignment of error, appellant, argues in her merit brief that the process used at the Canton Municipal Court for arraignments is in violation of constitutional protections of both substantive and procedural due process because it failed to inform the accused of the nature and cause of action pending against her. The Traffic Rules specifically state that the Criminal Rules will apply only when no procedure is specifically prescribed by the Ohio Traffic Rules. Therefore, trial court need not follow all of the formal requirements as required under the criminal rules. As this court found in State v. Maurer, "[a] complaint prepared pursuant to Traf. R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand." State v. Maurer, supra (citing Cleveland v. Austin (1978), 55 Ohio App.2d 215, 219, 380 N.E.2d 1357). The Ohio Uniform Traffic Ticket set forth the charge in a manner that could be readily understood by a person making a reasonable attempt to understand. Further, the trial court advised the defendant of the offense with which she was charged in a manner that could be readily understood by a person making a reasonable attempt to understand. The trial court did not violate any of appellant's rights as guaranteed by the Ohio and United States Constitution. State v. Maurer, supra. Appellant had sufficient notice of the nature of the charge against her.
For the reasons stated above, appellant's third assignment of error is overruled. The Judgment of the Canton Municipal Court is affirmed.
By Edwards, J. Farmer, P.J. and Wise, J. concurs