OPINION
Defendant-appellant Charles R. Coffman appeals his conviction and sentence entered by the Holmes County Court of Common Pleas, on one count of escape, in violation R.C. 2921.34(A)(1), following appellant entering a no contest plea and the trial court's finding him guilty thereon. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 21, 1996, the trial court sentenced appellant on a conviction for escape to a term of imprisonment of 4 years, and advised appellant he would be subject to a maximum of three years post-release control. This conviction arose from appellant's walking away from a work release program in Holmes County.
On November 16, 2000, the day of his release from the Southeastern Correctional Institution in Fairfield County, Ohio, appellant signed a post-release control reporting order. Said order instructed appellant to report to his state parole officer, David E. Switzer, in Mansfield, Ohio, on November 17, 2000, at 9:00 a.m. This order also indicated appellant was being placed on basic supervision. Appellant failed to report to his parole officer. Subsequently, the chief of the Adult Parole Authority declared appellant to be a "violator-at-large." After being arrested on a misdemeanor theft charge in Columbus, Ohio, appellant was placed in the custody of the Ohio Department of Rehabilitation and Corrections on December 16, 2000. Appellant was released on the same day. The Adult Parole Authority charged appellant with two violations of his post-release control and conducted a hearing on these charges on December 29, 2000. At the hearing, appellant admitted violating the two conditions of his supervision. Appellant signed his conditions of supervision on January 16, 2001.
The Holmes County Grand Jury indicted appellant on one count of escape, in violation of R.C. 2921.34(A)(1). Appellant filed a timely motion to dismiss, which the trial court denied via Journal Entry dated March 16, 2001. Thereafter, on April 9, 2001, appellant appeared in open court and entered a plea of no contest to the indictment. The trial court accepted the plea and found appellant guilty of the offense. The trial court sentenced appellant to a term of incarceration of one year. The trial court memorialized the conviction and sentence via Judgment Entry filed April 9, 2001.
It is from this conviction and sentence appellant prosecutes his appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO DISMISS HIS INDICTMENT FOR ESCAPE UNDER ORC 2921.34(A)(1) BASED SOLELY UPON HIS FAILURE TO REPORT TO POST RELEASE CONTROL AFTER HAVING SERVED ALL OF HIS STATED PRISON SENTENCE.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO DISMISS HIS INDICTMENT ISSUED IN HOLMES COUNTY WHEN HE HAD BEEN ORDERED AND FAILED TO REPORT FOR POST RELEASE CONTROL IN RICHLAND COUNTY.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In his first assignment of error, appellant contends the trial court erred in denying his motion to dismiss. Specifically, appellant claims he cannot be convicted of escape because he had served his entire term of incarceration and he had not yet signed his conditions of his post-release control supervision.
Appellant was convicted of escape, as defined in R.C. 2921.(A)(1):
 (A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
The statutory definition of who is considered "under detention" is found in R.C. 2921.01(E). Before October 4, 1996, parolees were excluded from this statutory definition and were not subject to prosecution for escape. State v. Conyers (1999), 87 Ohio St.3d 246, 248. However, effective October 4, 1996, R.C. 2921.01(E) was amended to include parolees within those individuals who would be considered "in detention." For purposes of R.C. 2921.34(A)(1), "detention" is now defined as:
 arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States * * * or supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution. (Emphasis added).
Despite appellant's not signing his conditions of supervision prior to his being indicted for escape, we find appellant knew he was under detention as he was so advised in the post-release control reporting order which he signed the day he was released from the penal institution. Appellant's signature on the conditions of supervision document was not required to establish a violation for failing to report as ordered.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant asserts the trial court erred in denying his motion to dismiss because he was indicted in Holmes County, but violated his post-release control in Richland County.
R.C. 2901.12(G) provides that venue is proper in any jurisdiction in which the offense or any element thereof occurred. As such, venue may be proper in more than one jurisdiction.
Because the sentence from which appellant was placed on post-control release originated out of Holmes County, we find venue was proper in Holmes County on the instant escape charge.
Appellant's second assignment of error is overruled.
The judgment of the Holmes County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, P.J.
Farmer, J. and Boggins, J. concur.