ACCELERATED DOCKET JOURNAL ENTRY and OPINION
Charles Goode appeals from a judgment of the common pleas court finding him guilty of escape for his failure to report to his parole officer following his release from prison after serving four and one-half years for committing burglary in 1994. On appeal, he claims that the state's charge of escape should have been dismissed because the court at sentencing had not advised him that he could be convicted of escape if he failed to report to his parole officer. After a careful review of the law, we reject his contention and affirm the judgment of the court.
The record reflects that, on December 7, 1994, Goode pled guilty to burglary; on December 30, 1994, the court sentenced him to a prison term of three to 15 years. On May 10, 1999, he was released from prison and placed on parole. On August 26, 1999, he failed to report to his parole officer; as a result, the state charged him with escape in violation of R.C. 2921.34, a felony of the second degree. Following his plea of not guilty, the court held a bench trial, found him guilty, and imposed a two-year prison term for this offense.
Goode now appeals from that judgment, raising the following assignment of error for our review:
 THE DEFENDANT WAS DENIED DUE PROCESS OF LAW AS HE WAS NOT INFORMED BY THE COURT THAT, UPON PAROLE, HE COULD BE CONVICTED OF ESCAPE PURSUANT TO R.C. 2921.34(A)(1) PREDICATED UPON FAILURE TO REPORT TO A PAROLE OFFICER.
Goode claims he could not be charged with the crime of escape because at the time the court sentenced him on December 7, 1994, the law exempted a parolee from the prosecution of escape; he frames his argument as one based on the court's denial of due process in failing to inform him at that sentencing that he could be prosecuted for escape for not reporting to his parole officer.
R.C. 2921.34(A)(1) defines the offense of escape as follows:
 No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
(Emphasis added.)
Detention, prior to October 4, 1996, was defined by R.C. 2921.01(E) as follows:
 "Detention" means * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution other than release on parole or shock probation. * * * Detention does not include supervision of probation or parole. * * *
(Emphasis added.)
This former definition of detention, read in conjunction with the statutory definition of escape, thus excepted parolees from the prosecution for the crime of escape.
The definition of detention, however, was amended by House Bill No. 154, effective October 4, 1996, and the amendment provides, in relevant part:
 "Detention" means * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution.
This amendment to the definition of detention then resulted in a conflict in law regarding whether a parolee can be prosecuted under the escape statute, because, at that time, another statute still exempted parolees from the prosecution of escape: R.C. 2967.15(C)(2), as existed at the time, provided that [a] furloughee or releasee other than a person who is released on parole * * * is considered to be in custody * * * and * * * may be prosecuted for the offense of escape. (Emphasis added.)
On March 17, 1998, the General Assembly resolved this statutory conflict, when it amended R.C. 2967.15(C)(2) and removed the parolee exemption from that statute. See Am. Sub. S.B. No. 111.
The Ohio Supreme Court, in State v. Conyers (1999), 87 Ohio St.3d 246,1999 Ohio 60, 719 N.E.2d 535, considered the issue of whether a parolee who violated his parole conditions between October 4, 1996 and March 17, 1998, the period of time when the conflict in law existed, could be prosecuted under the escape statute. It held that, during this period, the parolee-exclusion language contained in the special provision of former R.C. 2967.15(C)(2) prevailed as an exception to the general provision of R.C. 2921.34(A)(1).
In our view, Conyers presumes that the law which governs the prosecution of a parolee for the offense of escape is the statute in effect at the time the parolee commits the escape, rather than, as Goode maintains, the statute as it exists at the time the court imposes sentence for the underlying crime.
More importantly, we read Conyers as implying that a state can prosecute parolees who violate their parole conditions after March 17, 1998, when the legislature resolved the conflict in law and provided for the prosecution of a parolee for the crime of escape.
Here, the state indicted Goode for failing to report to his parole officer on August 26, 1999. As Goode committed the conduct constituting escape after the legislature amended that statute to subject parolees to the prosecution of escape, we conclude that Goode can be prosecuted for this offense.
Goode cites our court's decision in State v. Glaude (Sept. 2, 1999), Cuyahoga App. No. 73757, where we concluded that Glaude could not be prosecuted for escape, reasoning that when the state placed him on parole, he was not under detention according to the then-existing definition of detention, and therefore, a later statutory amendment could not substantively alter his legal relationship with the state. Goode's reliance on Glaude is misplaced. Glaude was placed on parole on June 25, 1996, before the October 4, 1996 amendment of R.C. 2921.01(E) to include parolees in the definition of detention. In fact, our court stated specifically there that [h]ad Glaude been paroled after October 4, 1996, we would be inclined to agree that his legal status with the state would be governed by amended R.C. 2921.01(E) and that his subsequent parole violations would have subjected him to prosecution for escape.
The majority of courts that have considered this issue have similarly concluded that a parolee is subject to prosecution for escape if the conduct constituting escape occurs after March 17, 1998. See, e.g., State v. McFolley (July 11, 2001), Lorain App. No. CA007614; State v. Bell (August 31, 2001), Belmont App. No. 00BA25; State v. Estis (June 11, 1999), Lucas App. No. L-98-1373; State v. Zander (August 27, 1999), Hamilton App. No. C-980845; State v. Trollinger (August 20, 1999), Hamilton App. No. C-980824; State v. Buckney (Dec. 15, 2000), Champaign App. No. 2000CA9.[1]
Having determined that Goode could be prosecuted for escape, we furthermore conclude that because escape is an act independent of the crime for which the defendant is on parole, see Estis; Trollinger; Buckney; McFolley, the court did not have an obligation to advise him of the consequences of committing that separate offense at the time it sentenced him for the crime of burglary. Goode's assignment of error therefore is not well taken.
Accordingly, we affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] State v. Snell (May 14, 1999), Hamilton App. No. C-980588, cited by Goode, is a notable exception to this majority view. We note, however, that the First District Court has subsequently, in two later decisions, changed its position on this issue and adopted the majority view. See Trollinger, supra; Zander, supra.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR