JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Alexander Thompson ("defendant") appeals his trial conviction of escape.
 {¶ 2} When defendant was paroled, he was required to list his address with his parole officer and to report to the officer once a week. He listed his sister's home as his residence. During the first six weeks he was on parole, he missed reporting at least once. After six weeks, he was assigned a new parole officer. Because this second officer was not able to locate him at his sister's home and the sister stated that defendant was not staying there, defendant subsequently was required to live in a halfway house and to sign in and out. He was permitted to leave only for the purpose of going to work and was to report back by 8:30 p.m.
 {¶ 3} On June 5, 1999, he failed to return to the halfway house. He returned on June 7th, but, after leaving on the morning of June 8th, never returned. He contacted his parole officer on the 8th but never after that.
 {¶ 4} When he also failed to show up for his sexual offender classes, his parole officer issued a capias for his arrest. He was arrested and indicted on the charge of escape, which he denied. He went to trial and was convicted by a jury. He assigns eight errors.
 {¶ 5} Defendant was convicted of escape for violating his parole when he failed to return to his half-way house or report to his parole officer. Defendant had been convicted and sentenced prior to the 1996 Senate Bill Two amendments to the law, but his alleged escape occurred in 1999. Because there were changes in the law in this time period, before we discuss defendant's assignments of error, we must decide what version of the law applies to defendant in his failure to comply with the terms of his probation.
 {¶ 6} The laws pertinent to this question are the old and new versions of R.C. 2967.15, R.C. 2921.01, and R.C. 2967.021. Until 1998,2967.15 excluded parolees from the definition of persons who could be prosecuted for escape. Two years earlier, however, in 1996, R.C. 2921.01(E) was amended to include parolees among those who could be convicted for escape. This conflict was thoroughly addressed by the Ohio Supreme Court in State v. Conyers (1999), 87 Ohio St.3d 246, which determined that because R.C. 2921.01(E) was a general statute and R.C. 2967.15 was specific, R.C. 2967.15 prevailed. Thus exempt from prosecution for escape are parolees whose offenses were committed prior to 1996 and who were accused of escape before March 17, 1998, the effective date of the amendments to R.C. 2967.15. The Court did not address which law applied to parolees accused of escaping after the 1998 amendment of R.C. 2967.15.
 {¶ 7} Nor did the Supreme Court address or even mention R.C.2967.021, which states:
 {¶ 8} "(A) Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.
 {¶ 9} "(B) Chapter 2967. of the Revised Code, as it exists on and after July 1, 1996, applies to a person upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996." (Emphasis added.)
 {¶ 10} This statute clearly limits application of the 1998 version of R.C. 2967.15 to offenders whose underlying offense was committed after 1996. Does it also limit, however, application to prisoners who were sentenced before 1996 but accused of escaping after 1998? Although inConyers the Supreme Court addressed the "gap" period between Senate Bill 2 in 1996 and the 1998 revision of R.C. 2967.15 and found that no parolees could be convicted of escape during this interim period of conflicting statutes, it did not address whether the new revision would apply to prisoners sentenced before 1996 but paroled after 1998. Most of the courts addressing the changes to R.C. 2921.01 and 2967.15 have failed to address R.C. 2967.021.
 {¶ 11} Because R.C. 2967.15 is a portion of Chapter 2967, it is subject to the introductory restrictions stated in R.C. 2967.021. Thompson was clearly sentenced prior to 1996 for his underlying offense. If we view R.C. 2967.021 on its face, the former version of R.C. 2967.15
should apply in his case; thus the statute would exclude defendant from being prosecuted for escape.
 {¶ 12} There is, however, a question of how to construe the language of 2967.021(A): that is, do the words "term of imprisonment" and "offense" in this statute refer to the original crime or to the laterparole violation? The First District Court of Appeals in Snell applied the exclusion to a person sentenced to imprisonment before July 1, 1996. Presumably, the majority interpreted the word "offense" as referring to the original crime. From the same district, on the other hand, two subsequent cases,[1] following the dissent in Snell, explained that the parole violation was a new offense. These two opinions implicitly held that the word "offense" applied to the parole violation. There was, however, no mention of R.C. 2967.021(A) or even of that court's prior opinion to the contrary in Snell.[2]
 {¶ 13} In State v. Buckney, (Dec. 15, 2000), 2nd Dist. No. 2000-CA-9, the Second District Court of Appeals, quoting R.C. 2967.021(A), as well as the dissent in Snell, supra, which argued the charge of escape was a "new offense," held that "a defendant's conduct should be prosecuted under the law in effect at the time of the violation." The opinion, however, did not tackle the language of R.C. 2967.021.
 {¶ 14} The Ninth District, finding the 1998 amendment applied to a parole violation in 1999, claimed that Conyers, supra, "viewed the parole violation as an independent act subject to the laws in effect at the time of the violation." State v. McFolley, (July 11, 2001), 9th Dist. No. 00CA007614, at *8. While the facts and analysis in Conyers may imply such a view, the opinion never expressed it. More importantly, the Supreme Court never discussed or even mentioned R.C. 2967.021. The dissent inMcFolley expressly interpreted the statute as excluding a defendant under the same pertinent circumstances as in the case at bar. The dissent based his decision on the applicability of statutory changes in the definition of "detention," which is a necessary element of the crime of escape.
 {¶ 15} One other Ohio case on the escape issue has mentioned R.C.2967.021: State v. Bell, (31, 2001) 7th Dist. No. 00 BA 25. Focusing on constitutional arguments, this opinion followed the Trollinger andBuckney cases. Again, there is no analysis of the language of the statute.
 {¶ 16} Finally, there is a case from this court: State v. Goode, Cuyahoga App. No. 80525, 2002-Ohio-3789. This opinion, like McFolley, supra, relies upon what it describes as a presumption in Conyers to apply "the statute in effect at the time the parolee commits the escape." Id. at *5. We do not believe that we can rely upon such presumptions. What is needed is an analysis of the language of R.C. 2967.021.
 {¶ 17} Neither Goode nor any other court thus far, however, has attempted this analysis. R.C. 2967.021(A) says to apply the pre-amendments (which excluded parolees from the crime of escape) upon a person sentenced to prison before July 1, 1996 or sentenced after that date for an offense committed before that date.
 {¶ 18} The first part of A can apply to defendant: that is, defendant was sentenced before 1996. It is true that he was sentenced after 1996 for a parole violation; but he was also sentenced before 1996 for the underlying crime. This part of A does not specify when the offense occurred. In fact, it does not refer to the offense at all.
 {¶ 19} The question is whether the first part of A refers to a sentence for the underlying crime or the parole violation. If this part of A is construed to refer to a sentence for the underlying crime, then the change from violation to crime does not apply to defendant. Indeed, the conduct of defendant is expressly excluded from the change. If the first part of A is construed to refer to a sentence for the paroleviolation, then the change applies. If both applications are possible, the first part of A is ambiguous.[3]
 {¶ 20} Some would argue, furthermore, that B can also apply to defendant: that is, defendant was sentenced for the offense of escape, committed after 1996. This interpretation assumes, however, precisely what the statute is attempting to decide: whether defendant's parole violation is an offense. Previously, a parole violation was not an "offense"; it was only a "violation." An offense is a breach of criminal law; a violation is a breach of duty.
 {¶ 21} Chapter 2967.021 states that the post 1996 amendments to Chapter 2967 (which amendments transformed a parole violation into the offense of escape) apply to defendant only if there is an offense after 1996. Defendant's parole violation, however, does not qualify as the offense of escape unless the changes to Chapter 2967 apply to him. Such circularity is too tenuous to be the basis for interpreting "offense" to mean the parole violation rather than the original crime for which he was previously sentenced.
 {¶ 22} In addition, we must consider Part A, which could also apply to the defendant to the effect of retaining the previous character of his conduct as a parole violation and not a crime of escape. Because of the circularity of B and the ambiguity of A, we must conclude, at the very least, the statute is sufficiently ambiguous to require us to construe it against the state.
 {¶ 23} Accordingly, the trial court is reversed and defendant's conviction for escape is vacated.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., AND ANNE L. KILBANE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] State v. Trollinger, Hamilton App. No. C-980824, 1999 Ohio App. Lexis 3836, and State v. Zander App. No. C-980845, 1999 Ohio App. Lexis 3961. As was noted in State v. Buckney, infra, these two cases were per curiam decisions. Both cases included the dissent in Snell, as well as two judges not on the Snell panel.
[2] Trollinger, the first of these two cases, moreover, focused solely on whether there was a violation of the Ex Post Facto Clause and the applicability of a prior decision. Zander, a three-paragraph opinion from the same panel seven days later, followed Trollinger.
[3] The second part of A does not have this problem: that is, he was not sentenced after July 1, 1996 for the underlying crime committed. Furthermore, both the offense of escape and the sentence for it occurred after 1996. Thus the second part of A clearly does not apply.