JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio (State), appeals the decision of the trial judge from the Cuyahoga County Court of Common Pleas who dismissed case number CR 427605 against defendant-appellee, Lloyd Carpenter (Carpenter). Finding no error in the proceedings below, we affirm.
 {¶ 2} Carpenter pled guilty to crimes that occurred prior to July 1, 1996, the effective date of Senate Bill 2. In 2002, while on parole for those same crimes, Carpenter was found to be a parole violator. At the time of his parole violation, parolees were liable for new charges of escape for noncompliance with the requirements of their parole. Carpenter was then indicted for escape. On the date of Carpenter's underlying offense, however, parolees were specifically exempted from liability for new charges of escape for parole violations.
 {¶ 3} Carpenter filed a motion to dismiss. He argued that Ohio law in existence at the time of the commission of his underlying offense exempted him from new charges of escape. The State countered by arguing that the law in effect at the time of the parole violation should control.
 {¶ 4} The State argues that Carpenter can be charged with escape in 2002 even though the underlying crime for which he was on parole occurred prior to the enactment of Senate Bill 2. The State advances one assignment of error for our review.
"Assignment of Error I: The trial court incorrectly ruled in favor of appellee's motion to dismiss."
 {¶ 5} Our standard of review is whether the trial court erred as a matter of law in determining that the State's complaint did not allege facts constituting a crime under Ohio law. North Olmsted v. Bullington
(July 27, 2000), Cuyahoga App. No. 76224.
 {¶ 6} The law in existence at the time Carpenter committed the underlying offense in this matter specifically exempted parolees from liability for new charges of escape for their failure to comply with the terms of their parole. R.C. 2967.15 (prior to July 1, 1996). Senate Bill 2, effective beginning July 1, 1996, however, included an amendment to a different Revised Code section, R.C. 2921.01(E), that made parolees liable for new charges of escape for violating certain terms of their parole. R.C. 2921.01(E). The then existing version of R.C. 2967.15 was not amended or repealed along with the enactment of Senate Bill 2, creating a conflict.
 {¶ 7} Recognizing this conflict, the Ohio legislature amended R.C. 2967.15 by deleting the exclusion regarding parolees. R.C. 2967.15
(effective March 17, 1998). Therefore, since March 17, 1998, parolees have been subject to liability for new charges of escape for non-compliance with certain terms of their parole. Id.
This amendment, however, still did not completely cure the conflict. A conflict still remained for parolees who were convicted of crimes occurring before July 1, 1996, yet committed acts constituting escape while on parole prior to the March 17, 1998 amendment to R.C. 2967.15.
 {¶ 8} The Supreme Court in State v. Conyers (1999),87 Ohio St.3d 246 addressed this conflict. In Conyers, the Supreme Court held that no parolees could be convicted of escape for acts constituting escape committed during this interim period of conflicting statutes from the effective date of Senate Bill 2, July 1, 1996, up to the amendment to R.C. 2967.15 effective March 17 1998. Id.
 {¶ 9} The State's appeal here represents another statutory gap in the law in this area. This court has previously addressed the exact issue of what law controls when a defendant who was convicted of a pre-Senate Bill 2 offense commits acts constituting escape after March 17, 1998.
In State of Ohio v. Thompson, Cuyahoga App. 78919, 2002-Ohio-6478[1], Thompson was convicted of a pre-Senate Bill 2 offense and subsequently charged with escape for acts committed after March 17, 1998 while he was on parole. Thompson was in the identical situation to Carpenter. Id. After a detailed analysis of the various conflicts in the laws outlined above, this court held Thompson could not be charged with escape and his conviction for escape was reversed. Id.Thompson is indistinguishable from the facts surrounding the charges filed against Carpenter for escape; therefore, this assignment of error is overruled.
Judgment affirmed.
DIANE KARPINSKI, P.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.
[1] This case is currently pending before the Ohio Supreme Court inState of Ohio v. Thompson (2003), 98 Ohio St.3d 1560,2003-Ohio-2242.