JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Steven Unick appeals from his conviction for escape. For the reasons set forth below we reverse and vacate defendant's conviction.
 {¶ 2} Defendant was indicted for escape in violation of R.C.2921.34, in connection with an incident which allegedly occurred on August 30, 2002. On January 10, 2003, defendant filed a motion to dismiss "based on the authority of State v. Thompson,
Cuyahoga App. 78919, 2002-Ohio-6478; Ohio App. LEXIS 6377." InThompson, this Court vacated the defendant's conviction for escape where he committed an offense prior to the enactment of Senate Bill 2, was paroled, and failed to report to his parole officer in 1999.
 {¶ 3} No documents of record establish when defendant was convicted of the underlying offense. This Court has permitted the parties to supplement the record on appeal in order to establish such dates, but no further record has been provided. Nonetheless, we note that in a supplemental brief, counsel for defendant maintains that he and the prosecuting attorney agree that defendant was convicted of breaking and entering in 1983 and burglary in 1990, that defendant was placed on parole in August 2003, and that he subsequently failed to report to his parole officer. We further note that in his supplemental brief, the prosecuting attorney does not dispute such agreement or the dates provided by defendant's appellate counsel, but instead, challenges our holding in Thompson, supra. As such, we accept that in this matter, defendant's escape conviction arises from an alleged failure to report to his parole officer following his release from imprisonment for an offense committed prior to the enactment of Senate Bill 2.[1]
 {¶ 4} Defendant's assignment of error states:
 {¶ 5} "The trial court erred by failing to grant appellant, Steven Unick's motion to dismiss his indictment for escape because a parolee cannot be prosecuted for escape if the underlying crime for which the defendant was placed on parole occurred prior to July 1, 1996."
 {¶ 6} The offense of escape is defined in R.C. 2921.34 which provides in relevant part as follows:
 {¶ 7} "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention * * * following temporary leave granted for a specific purpose or a limited period."
 {¶ 8} Before October 4, 1996, R.C. 2921.01(E) defined" detention" as "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution other than release onparole * * *." (Emphasis added). See State v. Conyers,87 Ohio St.3d 246, 1999-Ohio-60, 719 N.E.2d 535. Following this date, however, the exclusion for parolees was removed from R.C.2921.01(E). Id. However, a conflict arose because the language of former R.C. 2967.15(C)(2), provided that "[a] furloughee or releasee other than a person who is released on parole * * * is considered to be in custody * * * and * * * may be prosecuted for the offense of escape." (Emphasis added). See Conyers, supra. This conflict was eliminated as of March 17, 1998, when R.C.2967.15(C)(2) was amended to remove the exception for parolees. See, also, State v. Carpenter, Cuyahoga App. No. 82470, 2003-Ohio-4198.
 {¶ 9} This statutory history must be considered in determining whether a defendant who was convicted of a pre-Senate Bill 2 offense commits acts constituting escape after March 17, 1998. See State v. Thompson, supra; State v. Carpenter,
supra.
 {¶ 10} As noted previously, in Thompson, supra, this Court vacated the defendant's conviction for escape where he committed an offense prior to the enactment of Senate Bill 2, was paroled, and failed to report to his parole officer in 1999. This court questioned whether R.C. 2967.021 limits the application of the 1998 version of R.C. 2967.15 to "prisoners who were sentenced before 1996 but accused of escaping after 1998?" We ultimately concluded that "because of the circularity of [R.C. 2967.021]B and the ambiguity of [R.C. 2967.021]A, * * * at the very least, the statute is sufficiently ambiguous to require us to construe it against the state." Accord State v. Carpenter, supra; Cf.State v. Tuttle, Cuyahoga App. No. 80775, 2003-Ohio-419; Statev. Rowan, Cuyahoga App. No. 80540, 2003-Ohio-2458 (holding that R.C. 2967.021 is not ambiguous and that under the statute, persons imprisoned prior to July 1, 1996 and subsequently paroled cannot be convicted of the offense of escape).
 {¶ 11} In accordance with all of the foregoing defendant's assignment of error is well taken. The judgment of the trial court is reversed and defendant's conviction for escape is vacated.
Colleen Conway Cooney and Diane Karpinski, JJ., concur.
This cause is reversed and vacated to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
[1] The better practice would have been for defendant's appellate counsel to have provided a record pursuant to App.R. 9(C) or 9(D), in the absence of an App.R. 9(A) or 9(B) record to manifest the claimed error. As noted previously, however, we are able to review the error under the circumstances presented herein.