DECISION AND JUDGMENT ENTRY
{¶ 1} Jerry A. Raines appeals from a Lawrence County Court of Common Pleas judgment finding him guilty of escape under R.C.2967.15(C)(2). Raines argues that because he was convicted of his underlying offense prior to the enactment of the current escape statute its application him was retroactive and improper. We disagree because the trial court found Raines guilty of a new and separate offense from his conviction for which he was on parole.
 {¶ 2} Accordingly, we affirm the judgment.
 I. {¶ 3} On December 1, 1994, Raines was convicted of one count of aggravated burglary and two counts of complicity to aggravated burglary. The trial court sentenced him to five to twenty-five years imprisonment on each count, to be served concurrently. On April 9, 1999, Raines was paroled. Then, on March 26, 2002, Raines failed to report to his parole officer. He was charged with escape under R.C. 2967.15(C)(2). Raines pled no contest and the trial court found him guilty and sentenced him to three years imprisonment.
 {¶ 4} Raines appeals and asserts the following assignment of error: "The trial court err[ed] by finding appellant guilty of escape for not reporting to his parole officer because appellant was convicted of the underlying offense prior to the enactment of current parole and escape statutes."
 II. {¶ 5} This court affords questions of law de novo review.Fenstermaker ex rel. Michael Whitaker Farm Trust v. Whitaker,
Pickaway App. No. 00CA40, 2001-Ohio-2649, 2001 WL 1710398, citingOhio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147.
 {¶ 6} R.C. 2921.34 defines escape. It provides: "(A)(1) No person knowing the person is under detention or being reckless in that regard shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." (Emphasis added).
 {¶ 7} Detention is currently defined in R.C. 2921.01(E) as including "* * * supervision by an employee of the department of rehabilitation and correction of a person on any type ofrelease from a state correctional institution." (Emphasis added). Prior to October 4, 1996 the definition of "detention" expressly excluded parolees from its scope. See R.C. 2921.01(E), 146 Ohio Laws, Part IV, 7335 (definition of "detention" previously included "supervision by an employee of the department of rehabilitation and correction of a person on any type of release * * * other than release on parole.").
 {¶ 8} While the definition of detention, and through it the definition of escape, were expanded to include parolees, the provision authorizing prosecution for escape excluded parolees until March 17, 1998. R.C. 2967.15(C)(2), 146 Ohio Laws, Part VI, 11013 (stating: "A furloughee or releasee other than a person who is released on parole * * * is considered to be in custody * * * and may be prosecuted for the offense of escape.). As amended in 1998, R.C. 2967.15(C)(2) now provides for the prosecution of parolees for the offense of escape.
 {¶ 9} In State v. Conyers (1999), 87 Ohio St.3d 246, the Ohio Supreme Court held that parolees could not be prosecuted for escape for parole violations occurring between October 4, 1996 to March 17, 1998. The court reasoned that R.C. 2967.15(C)(2) was a special provision that prevailed over R.C. 2921.34(A)(1).Conyers at 250. Thus, while the definition of escape included parolees in this time period, they were excluded from prosecution because R.C. 2967.15(C)(2) was not amended to remove their explicit exclusion until March 17, 1998. Conyers at 251.
 {¶ 10} In State v. Thompson, 102 Ohio St.3d 287,2004-Ohio-2946, at ¶ 19, the court expressly limited the holding of Conyers when it held that Conyers would not be extended to prohibit escape prosecution for parolees who failed to report to their parole officer after March 17, 1998, regardless of the date of their underlying conviction. In Thompson, the defendant was convicted of his underlying offense prior to July 1, 1996, but failed to report to his parole officer in 1999. Id. at ¶ 1. The court reasoned that applying R.C. 2967.15(C)(2) to the defendant was not an improper, retroactive application of the law because the offense of escape was a new offense unrelated to his underlying conviction. Id. at ¶ 16-17. The court stated: "As inConyers, the date of Thompson's underlying crime is of no consequence to the resolution of this case. Rather, the focus is on the date of the parole violation, as it is a new criminal offense. Thompson's escape charge is based on conduct that occurred after the statutory amendments and is unrelated to the conduct that led to his prior conviction." Thompson at ¶ 17.
 {¶ 11} Here, Raines was convicted of his underlying crime in 1994, but committed his parole violation in 1999. The parole violation occurred after the statutory amendments and thereafter Raines was charged with the offense of escape. Pursuant toThompson, the date of Raines' underlying conviction is irrelevant and the date of his parole violation controls. Because the parole violation occurred subsequent to the enactment of the amendments to R.C. 2921.01(E) and 2967.15(C)(2), the trial court properly adjudged Raines guilty of escape.
 {¶ 12} Accordingly, we overrule the sole assignment of error.
 III. {¶ 13} In conclusion, we affirm the judgment of the trial court finding Raines guilty of escape because the date of the underlying conviction is irrelevant and the date of the parole violation controls.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.