The decision previously filed in this case, State v. McFolley (May 9, 2001), Lorain App. No. 00CA007614, unreported, is hereby vacated and replaced with this decision and journal entry.
Per Curiam.
Defendant Bruce McFolley appeals from the judgment of conviction entered by the Lorain County Court of Common Pleas, on the charge of escape. This court affirms.
 I.
Defendant was convicted and sentenced to prison on February 6, 1995, for several drug-related offenses. On March 3, 1998, Defendant was released from prison and placed on parole for these same charges. Certain conditions of parole were imposed, including weekly reporting to his parole officer. On March 17, 1998, a new version of the parole statute became effective, defining a parolee as a person in detention, subject to the escape statute for failing to report to his parole officer. On July 6, 1999, Defendant failed to report to his parole officer. On September 9, 1999, Defendant was indicted on one count of escape in violation of R.C. 2921.34(A)(1), for failing to return to detention.
The trial court appointed counsel to represent Defendant. Ultimately, Defendant pled no contest to the indictment, with the apparent intention of challenging the sufficiency of the facts to establish that Defendant had committed a crime. Defendant was convicted and was sentenced to one year of imprisonment, with three years of post-release control. Defendant was appointed counsel for purposes of appeal, but appellate counsel failed to file a timely notice of appeal. This court later granted Defendant's motion for delayed appeal, filed by different appellate counsel. Defendant now raises four assignments of error.
 II. I. Appellant's conviction and sentence for escape are void or voidable because former R.C. 2967.15(C)(2) excludes Appellant from the class of people subject to the escape statute, controls over the conflicting provisions contained in R.C. 2901.21(E), and should have been applied in this case at the trial court level to preclude Appellant from being charged with and convicted of escape pursuant to R.C. 2967.021(A).
Defendant argues that because his underlying convictions were for offenses that occurred prior to Senate Bill 2, which became effective on July 1, 1996, the former version of Title 29 of the Revised Code must be applied to him. Thus, Defendant argues that the trial court erred in applying the post-Senate Bill 2 law to his parole violation.
The version of Chapter 2967 of the Revised Code that existed before July 1, 1996, excluded parolees from the group of persons who could be prosecuted for escape for absconding from supervision. R.C. 2967.15(C)(2). The escape statute in effect prior to July 1, 1996, provided that
 [n]o person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
R.C. 2921.34(A). The version of the escape statute enacted with Senate Bill 2, effective July 1, 1996, is identical, except for provisions not relevant to this case.[1] Thus, both the former and current versions of the escape statute provide that a person in detention who breaks detention or refuses to return to detention can be charged with escape. Only persons in detention can be charged with escape.
Prior to July 1, 1996, the statutory definition of "detention" included arrest, confinement, and "supervision by an employee of the department of rehabilitation and correction of a person on any type of release * * * other than release on parole or shock probation. * * * Detention does not include supervision of probation or parole." R.C. 2921.01(E). Defendant suggests that by statutory definition he cannot be a person in detention or in custody if he was on parole subsequent to conviction and sentencing for an offense that occurred prior to July 1, 1996. This court disagrees.
Several changes have been made to the Senate Bill 2 version of R.C.2921.01(E), defining detention. Originally, the Senate Bill 2 version of the statute remained identical to the pre-Senate Bill 2 version. On October 4, 1996, the statute changed the definition of detention to get rid of the parolee/shock probationer exception. With this change, all persons under supervision by the state department of rehabilitation and correction were considered "under detention." See R.C. 2921.02(E) (version effective October 4, 1996). However, the Senate Bill 2 version of R.C. 2967.15(C)(2) still excepted parolees from the class of persons who could be prosecuted for escape. That statute stated that a
 furloughee or a releasee other than a person who is released on parole, shock parole, or conditional pardon is considered to be in custody while on furlough or other release, and, if the furloughee or releasee absconds from supervision, the furloughee or releasee may be prosecuted for the offense of escape.
(Emphasis added.) R.C. 2967.15(C)(2) (version in effect until March 17, 1998). Effective March 17, 1998, R.C. 2967.15(C) was changed to delete the exclusion for a parolee. With this change both R.C. 2967.17(C)(2), defining criminal custody, and R.C. 2921.02(E), defining criminal detention, were consistent in their inclusion of parolees as persons in custody or under detention for purposes of escape.
The Ohio Supreme Court has determined that a parolee who violated a condition of parole between October 4, 1996 and March 17, 1998, during the period of the conflicting statutes, could not be convicted of escape. State v. Conyers (1999), 87 Ohio St.3d 246. In each of the two cases under consideration in Conyers the defendant was a parolee, having been convicted of crimes that occurred prior to July 1, 1996, the effective date of Senate Bill 2. In each case under consideration in Conyers, both the date the defendant was paroled and the date of the parole violation occurred during the period of the conflicting statutes. The Supreme Court held that, absent the clear intent of the General Assembly that R.C. 2921.01(E), eliminating the parolee exception, should prevail over R.C. 2967.15(C)(2), which retained the exception, the exception was a special provision which controlled over the general provision. Conyers, 87 Ohio St.3d at 250. Therefore, no parolees could be convicted of escape during this interim period of conflicting statutes.Id. at 251.
In the instant case, Defendant failed to report to his parole officer on July 6, 1999, more than fifteen months after the March 17, 1998 change in the detention statute, which now includes parolees as persons who are in detention and subject to prosecution for escape. Based on the Supreme Court's analysis in Conyers, which viewed the parole violation as an independent act subject to the laws in effect at the time of the violation, we find that the trial court did not erroneously apply the new statute to Defendant.
We overrule the first assignment of error.
 III. II. Appellant's conviction and sentence for escape are void or voidable because application of the present amended version of R.C. 2967.15(C)(2) would violate R.C. 1.58, R.C. 2967.021(A), the ex post facto clause of Article I, [Section] 10 of the United States Constitution, and Article II, [Section] 28 of the Ohio Constitution.
Defendant also argues that the application of a new version of the statute is a constitutionally impermissible application of law because it violates the ex post facto clause of the United States Constitution and the retroactivity provision of the Ohio Constitution. We find this argument unpersuasive.
Defendant's failure to report to his parole officer is "a new felony offense under the law in effect at the time of the new offense." Statev. Trollinger (Aug. 20, 1999), Hamilton App. No. C-980824, unreported, 1999 Ohio App. LEXIS 3836, at *4. This court agrees with the First District that a parole violation is an independent act and that the application of the new escape statute is not retroactive as applied to defendants such as Defendant, simply "because it draws upon antecedent facts for its operation." Id. at *5, quoting Cox v. Hart (1922),260 U.S. 427, 435, 67 L.Ed. 332, 337.
We overrule the second assignment of error.
 IV. III. Appellant's conviction and sentence for escape are void or voidable because his plea of no contest was not made knowingly, intelligently, and voluntarily where his counsel provided ineffective assistance of counsel by failing to move the court to dismiss the indictment and charge of escape based upon former R.C. 2967.15(C)(2) and 2967.021(A) and by failing to inform him that he was statutorily prohibited from being convicted of escape under former R.C. 2916.15(C)(2), thereby violating Appellant's Constitutional rights to counsel and due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, [Sections] 10 and 16 of the Ohio Constitution.
 IV. Appellant's conviction and sentence for escape are void or voidable because the trial court's failure to dismiss Appellant's charge and indictment for escape constitutes plain error.
Having determined that the trial court appropriately applied the escape statute to the facts of Defendant's case, we cannot conclude that the trial court's failure to dismiss the indictment was plain error. Defendant's fourth assignment of error is overruled.
Defendant also claims that he was denied effective assistance of counsel, because (1) his trial counsel failed to move for a dismissal of the indictment and (2) counsel failed to advise him that he was statutorily prohibited from being convicted of escape. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and prejudice resulting from that deficient performance. State v. Radcliff (May 3, 2000), Summit App. No. 19704, unreported, at 4-5, citing Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674, 693. To establish prejudice, the defendant must demonstrate that it is reasonably probable that the professionally unreasonable performance caused him to lose what he otherwise would have won. Radcliffe, supra, at 5, citing United States v. Morrow (C.A.6 1992), 977 F.2d 222, 229, certiorari denied (1993), 508 U.S. 975,125 L.Ed.2d 668.
We have concluded that, as a matter of law, Defendant could be charged with escape, based on the allegations contained in the indictment. Therefore, we find meritless Defendant's argument that his counsel rendered ineffective assistance when counsel failed to move to dismiss the charge. Likewise, we find meritless Defendant's argument that his counsel was ineffective for failing to advise him that he could not be convicted of escape, as a matter of law. The content of counsel's advice to Defendant is dehors the record, and therefore is not properly raised in a direct appeal. See State v. Cooperrider (1983), 4 Ohio St.3d 226,228.
Defendant's third assignment of error is not well-taken, and it is overruled.
 V.
Having overruled all the assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
SLABY, J. CONCURS
[1] These provisions deal with sexually violent predators, who have been restricted to live in a particular geographic location. See R.C. 2921.34(A)(2).