OPINION
Defendant-appellant Charles Bell, Jr. appeals from his conviction of escape which was entered after he pled guilty in the Belmont County Common Pleas Court. He argues that the crime of escape by a parolee is inapplicable to him. He also appeals the portion of his sentence which refers to bad time. For the following reasons, appellant's conviction is affirmed. However, the trial court's judgment entry is hereby modified to eliminate the portion of his sentence which refers to bad time.
 STATEMENT OF THE CASE
Appellant served approximately eleven years in prison out of a ten to twenty-five year sentence for aggravated burglary, a first degree felony. According to the state's brief, he was paroled on April 4, 1998. Appellant absconded from his parole obligations from March 16, 1999 until he was arrested on April 24, 1999. Specifically, the state's bill of particulars discloses that after appellant was arrested for driving under the influence, he called his parole officer, stated that he was at his sister's house and claimed that he could not report to the parole office due to car problems. The parole officer offered to come to appellant and instructed appellant to remain at his sister's house. Because the parole officer had been informed about the driving under the influence arrest by others, he sent officers to arrest appellant for violating his parole. However, appellant was not at his sister's house when the officers arrived. Apparently, he fled to Arizona where he was subsequently arrested on unknown charges. Finally, on April 24, 1999, appellant was arrested in Martins Ferry, Ohio after a bar disturbance.
On May 5, 1999, appellant was indicted for escape in violation of R.C.2921.34(A)(1), a second degree felony due to the fact that the offense for which he was on parole was a first degree felony. On November 12, 1999, the court accepted a plea agreement whereby the state amended the indictment to third degree felony escape and appellant pled guilty. On November 16, 1999, the court sentenced appellant to four years in prison to run consecutive to any reinstated sentence for the parole violation. On October 23, 2000, this court granted appellant leave to file a delayed appeal pursuant to App.R. 5(A).
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth three assignments of error on appeal. Appellant's first assignment contends:
 "THE TRIAL COURT ERRED IN ACCEPTING MR. BELL'S GUILTY PLEA. THIS VIOLATED R.C. 2967.021(A), AS WELL AS DUE PROCESS AND THE PROHIBITION AGAINST EX POST FACTO LAWS [UNDER THE RELEVANT SECTIONS OF THE OHIO AND UNITED STATES CONSTITUTIONS]."
Pursuant to R.C. 2921.34(A), the crime of escape entails purposely breaking or attempting to break detention where the offender knows he is under detention or is reckless in that regard. Detention did not previously include parolees. See former R.C. 2921.01(E) (which specifically stated, "other than release on parole" when defining those in detention). This statutory section was amended effective October 4, 1996 to delete the exception for parolees. The amendment created a conflict with R.C. 2967.15(C)(2) which explicitly excluded parolees from those who could be prosecuted for escape. This temporary conflict was resolved on March 17, 1998, when the amendment to R.C. 2967.15 (C)(2) went into effect and removed the exception for parolees by explicitly stating that parolees can be prosecuted for escape.
The Supreme Court had occasion to address a case concerning parolees who had been charged with escape for absconding acts occurring between October 4, 1996 and March 17, 1998, during the temporary statutory conflict. State v. Conyers (1999), 87 Ohio St.3d 246 . The Court held that due to the statutory conflict, the specific provision prevailed over the general provision and these parolees could not be convicted of escape for acts that occurred between the aforementioned dates. Id. at 248-251. See, also, State v. Jeffers (1999), 87 Ohio St.3d 253. We note that while discussing the prospective application of the amended statute to parolees who engaged in absconding after March 17, 1998, the Supreme Court did not mention any issues of retroactivity or ex post facto violations concerning those whose original crimes were committed prior to the amendments.
Appellant claims that although the conflict in the statutes is resolved and parolees are no longer excepted from the escape statute, those who are on parole for offenses which occurred prior to July 1, 1996, the effective date of Senate Bill 2, may not be charged with escape due to the ban on ex post facto laws. Appellant contends that the court must review pre-Senate Bill 2 law to determine whether an offender can commit escape from a term of parole that was imposed for a pre-Senate Bill 2 offense. He cites the case of State v. Snell (May 19, 1999), Hamilton App. No. C-980588, unreported and R.C. 2967.021(A) in support of his proposition.
R.C. 2967.021 is a part of Senate Bill 2 which is entitled, "Effect of amendments to chapter." Pursuant to R.C. 2967.021(A), Chapter 2967, as it existed prior to July 1, 1996, applies to those imprisoned prior to the effective date and to those being sentenced for offenses committed prior to the effective date. Likewise, R.C. 2967.021(B) provides that Chapter 2967, as it exists after July 1, 1996, applies to those imprisoned for an offense committed on or after this date.
From this statute, appellant and the Snell court conclude the March 17, 1998 amendment to R.C. 2967.15(C)(2), which states that parolees can be prosecuted for escape, is not applicable to those who are on parole for an offense committed prior to July 1, 1996. Initially, we must point out that neither the October 4, 1996 amendment to R.C. 2921.01(E) nor the March 17, 1998 amendment to R.C. 2967.15(C)(2) are part of Senate Bill 2. Hence, it does not appear that the changes made by these amendments are limited by R.C. 2967.021. Furthermore, in appellant's escape case, a sentence was imposed by the court for an absconding offense which occurred on March 16, 1999, well after any of the relevant statutes' effective dates. See R.C. 2967.021(B); Snell, Hamilton App. No. C-980588 at 3 (Gorman, J., dissenting) (noting that the charge of escape is a new offense carrying a different sentence than the conviction for which the defendant was paroled).
This leads us into appellant's general allegations of due process andex post facto violations. Section 10, Article I of the United States Constitution forbids legislatures from passing any ex post facto law. This clause is aimed at certain retroactive laws. Legislation violates the ex post facto clause if it makes a previously performed noncriminal act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense that was available at the time the crime was committed. State v. Rush (1998), 83 Ohio St.3d 53, 59. Similarly, Section 28, Article II of the Ohio Constitution provides that the legislature has no power to pass retroactive laws. These prohibited laws are those that take away a vested right or impose a new disability.Id. at 60. In response to appellant's contention that the escape amendments imposed a new disability upon him after commission of his original offense, the following analysis is helpful.
The state cites a case on point from the Sixth Appellate District. InState v. Estis (June 11, 1999), Lucas App. No. L- 98-1373, unreported, the defendant was convicted of involuntary manslaughter in 1982, was paroled in January 1997 and committed an act of escape on March 28, 1998. That defendant argued that because he was on parole prior to the effective date of the March 17, 1998 amendment deleting all exceptions for parolees, he could not be charged with escape. The court held that the defendant's escape conviction and sentence were based on conduct that occurred after the amendment which was completely unrelated to the conduct which produced his prior conviction. Id. at 3. The court also stated that imposing a sentence for a new felony offense under the law in effect at the time of the new offense does not violate the ex post facto
or retroactivity clauses. Id. Appellant's case is even weaker than the defendant's in Estis as that defendant was released on parole prior to March 17, 1998 but appellant was paroled after March 17, 1998. Hence, no consequences for violations of certain terms of appellant's parole would have changed as a result of the amendment as they would have under the facts of Estis.
Other cases have also held that parolees who were sentenced for their underlying offense at a time when parolees could not commit escape may be convicted of escape if the conduct constituting escape occurs after the March 17, 1998 amendment. See, e.g., State v. Zander (Aug. 27, 1999), Hamilton App. No. C- 980845, unreported, 1 (summary decision by cite toTrollinger); State v. Trollinger (Aug. 20, 1999), Hamilton App. No. C-980824, unreported (failing to mention its holding in Snell and stating that a statute is not made retroactive merely because it draws upon antecedent facts for its operation), quoting Cox v. Hart (1922),260 U.S. 427, 435. See, also, State v. Buckney (Dec. 15, 2000), Champaign App. No. 2000CA9, unreported, 9-10 (noting that escape is an act independent of the crime for which the defendant is on parole).
As such, constitutional prohibitions are not implicated where a new statute criminalizes future conduct of a person whose status is determined by a prior crime. For instance, recidivist statutes increase the degree of an offense and/or the available penalties for repeat offenders. This type of statute permissibly relies on past conduct to determine the status of the offender with regard to the new crime that was committed after the statute's enactment. See State v. Vermillion
(June 24, 1999), Belmont App. No. 98BA16, unreported, 4-5 (dealing with the look back period for repeat driving under the influence offenders and noting that a subsequent DUI was a new offense that occurred after any amendments imposing an increased look back period or sentence for a recidivist), citing Blackburn v. State (1893), 50 Ohio St. 428, 438
(holding that the prohibitions against ex post facto and retroactive laws do not apply to sanctions levied for present violations of existing law).
Even more analogous to the case at bar, the crime of having a weapon while under disability entails a present crime but relies on past conduct to determine status. If appellant's ex post facto arguments were correct, then felons who committed their crimes prior to the effective date of the weapon while under disability statute could not be prosecuted for a violation of that statute. In dicta, the Supreme Court has stated that prosecuting these felons is not a violation of the ex post facto or retroactivity clauses. State v. Cook (1998), 83 Ohio St.3d 404, 412.
For the foregoing reasons, prosecuting a parolee for escape where the offense for which he is on parole was committed prior to the amendments allowing prosecution of parolees for escape but where the act of escape was committed after these amendments does not present a violation of the constitutional clauses barring ex post facto or retroactive laws or any statutory provisions. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
The issue presented under appellant's second assignment of error provides:
 "TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO MOVE TO DISMISS CHARGES OF WHICH DEFENDANT COULD NOT, BY LAW, BE GUILTY."
This ineffective assistance of counsel argument revolves around the first assignment of error and contends that counsel should have argued to the trial court that those on parole for offenses which occurred prior to the escape amendments cannot be prosecuted for escape from parole. We note that the state's brief argues that appellant's first assignment of error should not be addressed by this court because he waived it by not raising it below. However, it was important to address the first assignment of error in order to address this assignment alleging ineffective assistance of counsel due to that failure to raise. Because we held that appellant's first assignment of error is without merit, counsel's failure to raise the issue to the trial court did not constitute deficient performance which prejudiced appellant. SeeStrickland v. Washington (1984), 466 U.S. 668, 687. Therefore, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error provides:
 "THE TRIAL COURT ERRED IN SENTENCING MR. BELL TO BAD TIME, IN VIOLATION OF OHIO'S CONSTITUTIONAL DOCTRINE OF SEPARATION OF POWERS, AS WELL AS THE EQUAL PROTECTION AND DUE CLAUSES OF [RELEVANT CONSTITUTIONAL SECTIONS]."
The trial court advised appellant of the rules regarding bad time as provided in R.C. 2967.11. The Supreme Court of Ohio recently ruled that the bad time provisions of R.C. 2967.11 violate the separation of powers doctrine. State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, 136. The state agrees that the bad time provisions in appellant's sentence must be eliminated. This assignment of error is therefore sustained.
For the foregoing reasons, the sentencing entry is hereby modified to eliminate any reference to bad time and appellant's conviction is affirmed as modified.
 ______________ VUKOVICH, P.J.
Donofrio, J., concurs.
DeGenaro, J., concurs.